IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIO GALEA,                          :

                          Plaintiff       :            No. 4:CV-04-1076

             v.                          :            (McClure, J.)

JO ANNE B. BARNHART,                  :            (Mannion, J.)
Commissioner of Social Security,
                   Defendant    :

# M E M O R A N D U M

April 18, 2005

## BACKGROUND:

On May 14, 2004, plaintiff, Mario Galea, commenced this civil action under

42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner's denial of his

claim for Supplemental Security Income, under Title XVI of the Social Security

Act.  42 U.S.C. §§ 1381-1383f.

The matter was initially referred to United States Magistrate Judge Malachy

E. Mannion.

On March 16, 2005, Magistrate Judge Mannion issued a twenty-four page

report and recommendation, which recommended that plaintiff's appeal be denied.

On March 25, 2005, plaintiff filed objections to the report and recommendation.

The Commissioner responded to those objections on April 7, 2005.

The court will address plaintiff's objections and adopt the magistrate judge's report and recommendation in full.  After reviewing the ALJ's opinion and the administrative record upon which it was based, the court finds that Magistrate Judge Mannion properly concluded that the ALJ's opinion was based on substantial evidence.  Therefore, the report and recommendation will be adopted and the case will be closed.

## DISCUSSION:

### I.  Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g).  Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact.  42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  "It is less than a preponderance of the evidence but more than a mere scintilla." Id.  The substantial evidence standard is a deferential standard of review.  Id.

There is a five-step evaluation process to determine whether an individual is disabled.  <u>See</u> 20 C.F.R. § 404.1520.  Step one is to determine whether the claimant is currently engaging in substantial gainful activity.  If the claimant is doing substantial gainful activity he or she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i).  In the second step, the Commissioner determines whether the claimant is suffering from a severe impairment.  If the claimant's impairment is not "severe," then the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c).  In step three, the Commissioner determines whether the claimant suffers from a listed impairment; if so, then the claimant is automatically eligible for benefits.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).  If a claimant does not suffer from a listed impairment, then the analysis continues.  In step four, the Commissioner reviews whether the claimant retains the "residual functional capacity" to perform his past relevant work; if he can perform his past relevant work he is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 404.1560(b).  Finally, in the fifth step the Commissioner considers whether the claimant's residual functional capacity, in combination with his age, education, and work experience, prevents him from making an adjustment to any other type of work.  If the Commissioner, when considering those factors, determines that the claimant cannot make an adjustment to any other type of work, then the claimant is

disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c).  In the final

step "the burden of production shifts to the Commissioner, who must demonstrate

the claimant is capable of performing other available work in order to deny a claim

of disability."  <u>Plummer</u>, 186 F.3d at 428.

    In this case the ALJ determined at step five that considering the plaintiff's

age, education, work experience, residual functional capacity, the testimony of the

impartial vocational expert and using the Medical-Vocational Rules as a framework,

plaintiff was not disabled for the purpose of supplemental security income because

his impairment did not prevent plaintiff from performing other jobs which exist in

significant numbers in the national economy.  (Tr., Rec. Doc. No. 4, at 16-17.)

Plaintiff's appeal and objections to the magistrate judge's report and

recommendation focus on (1) the ALJ's determination at step three of the

sequential evaluation process that plaintiff did not meet or equal a listed impairment,

(2) the ALJ's determination that plaintiff was not entirely credible, and (3) the

ALJ's discounting of the opinion of plaintiff's treating physician in determining

plaintiff's residual functional capacity.

## II.  Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

    A district court reviews de novo those portions of a magistrate judge's

report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>

Plaintiff's objections to the magistrate judge's report are virtually identical to the argument section of plaintiff's original brief in support of appeal.  (<u>Compare</u> Rec. Doc. No. 7 <u>with</u> Rec. Doc. No. 10.)  Under each objection advanced by plaintiff, a new paragraph briefly addresses an aspect of how the magistrate judge handled that issue in his report and recommendation.  All of the objections in some way take issue with the ALJ's determination of the severity of plaintiff's impairment.

   a. <u>The ALJ's Determination that Plaintiff Did Not Meet Listed Impairment 12.04 was Supported by Substantial Evidence</u>

Plaintiff's first objection is to the magistrate judge's determination that the ALJ properly found that plaintiff did not meet the diagnostic criteria for listed impairment 12.04, Affective Disorders.  The ALJ found that although plaintiff met the threshold diagnostic requirements of listed impairment 12.04, plaintiff failed to exhibit the severity requirements under subsection B and that the record contained none of the subsection C criteria.  (Rec. Doc. No. 4, at 12.)

Plaintiff contends that there is "ample evidence that Plaintiff met the

requirements of B.1 and B.2." (Rec. Doc. No. 10, at 4.) Those criteria are B.1: a

"[m]arked restriction of activities of daily living" and B.2: "[m]arked difficulties in

maintaining social functioning." Plaintiff made this same argument in his original

brief before the magistrate judge. (Rec. Doc. No. 7, at 11.) We agree with the

magistrate judge that there is substantial evidence in the record to support the

ALJ's findings that plaintiff did not meet a listed impairment under step three in the

sequential evaluation.

Plaintiff's central support for his argument is the testimony of plaintiff and

his mother. As we will address in the next subsection, the credibility of plaintiff's

subjective complaints was discounted by the ALJ. (Rec. Doc. 4, at 15.) The

medical evidence in the record does not indicate the severity required under

subsection B of listed impairment 12.04. Plaintiff's Global Assessment of

Functioning ("GAF") assessed by treating sources indicated mild to moderate

limitations in activities of daily living and social functioning. (Rec. Doc. No. 4, at

87-91, 142.) On July 29, 2002, Dr. Beldia assessed plaintiff with a GAF of 60-65,

indicating mild to moderate limitations. (Rec. Doc. No. 4, at 87.) In an undated

letter, Dr. Nezezon assessed plaintiff with a GAF of 60 currently, as well as a score

of 60 for the past year, his finding stated that the score was "consistent with

moderate impairment." (Rec. Doc. No. 4, at 142.)[1]  Dr. Nezezon's evaluation

indicated that plaintiff was oriented to time, person, and place.  (Rec. Doc. No. 4,

at 142.)  Likewise, Dr. Nezezon reported that plaintiff's thought processes were

logical and goal directed.  (Rec. Doc. No. 4, 142.)  Dr. Patel's consultative

evaluation indicated that plaintiff had good hygiene, his affect was appropriate,

although "a little anxious" his speech was clear, coherent, well balanced, and

without any looseness of association.  (Rec. Doc. No. 4, at 93.)  Dr. Patel noted

that plaintiff was having difficulty finding work, but he was future oriented and had

fair insight and judgment.  (Rec. Doc. No. 4, at 93.)

There is no evidence in the record to indicate plaintiff has repeated episodes

of deterioration or decompensation in work or work-like settings.  And although

plaintiff objects to the magistrate judge's placing significance on the fact that

"plaintiff was not fired from his last job due to limitations from his depression, but

due to company cutbacks."  (Rec. Doc. No. 9, at 14; see also Rec. Doc. No. 10,

at 5.), plaintiff's assertion that this evidence is not a factor in the ALJ's

determination of whether plaintiff is disabled is incorrect.  The fact that plaintiff was

last fired for business reasons and not his depression bolsters the ALJ's finding

---

[1]Although Dr. Nezezon found plaintiff significantly impaired in certain tasks
associated with work we will address the ALJ's discounting of those findings under
a separate section, see infra § II.C.

that there is an absence of repeated episodes of deterioration or decompensation in work or work-like settings. Deterioration and decompensation in work or work-like settings are relevant criteria to subsection B and C of listed impairment 12.04.

Thus, we agree with the magistrate judge that substantial evidence supports the ALJ's determination that plaintiff did not meet a listed impairment.

      b.    <u>Substantial Evidence Supports the ALJ's Finding that Plaintiff's Subjective Complaints were Less than Fully Credible</u>

The plaintiff's second objection is to the ALJ's finding that the plaintiff's testimony regarding his symptoms and limitations was not fully credible. The Third Circuit affords ALJs great discretion in making credibility determinations. <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d. Cir. 1983). As the judge presiding over the hearing and observing witness testimony, the ALJ is in a superior position to make those determinations as compared to a reviewing court. The following excerpt contains the ALJ's discussion about his credibility determination:

> The undersigned Administrative Law Judge [finds] (sic) claimant's testimony regarding his symptoms and limitations not fully credible. The objective evidence of record discloses that the claimant has depressive and anxiety disorders which can cause limitations, but not to the extent as alleged by the claimant considering that in the opinion of the mental health professionals who have treated him opine that they only cause moderate limitations on his ability to function. Further, although the

8

claimant has had problems with depression and anxiety
for quite some time (since at least 1999), he was still
capable of doing well academically and secure a job after
this and he did well up until the time he was laid off.  In
addition, the claimant's treatment is not intensive for such
a significant impairment as alleged by the claimant.  He
does have the Access card which would pay for more
intensive treatment.  He is also receiving public assistance
and food stamps, despite living with his parents
(testimony of claimant's mother).  Also, the record
reveals that the claimant attempted to find work after his
alleged onset date, which is indicative that by his own
estimation he was able to perform some sort of work
activity despite his alleged anxiety and depression.

(Rec. Doc. No. 4, at 15-16.)

Ultimately, the ALJ considered the subjective testimony of plaintiff's symptoms

and limitations, and determined that plaintiff's limitations were not to the degree that

plaintiff suggested.  The ALJ found that plaintiff has "psychological problems

which restrict him to work activity that is not detailed or complex and involves

working with things and not people."  (Rec. Doc. No. 4, at 17, ¶ 4.)

        The Commissioner evaluates claimant's symptoms on the basis of medical

signs and laboratory findings that could reasonably be expected to produce the

symptoms alleged.  20 C.F.R. §§ 404.1529, 416.929.  As discussed above,

plaintiff's GAF scores showed moderate or moderate to mild limitations in

functioning from his depression.

The ALJ found that plaintiff suffers from a depressive disorder and anxiety disorder which are severe.  (Rec. Doc. No. 4, at 17, ¶ 2.)  However, the ALJ found that the limitations from these disorders were not to the degree that plaintiff testified.  The ALJ found that despite plaintiff's history of coping with depression, plaintiff had been able to do well academically, secure a job after graduation, and that he still attempted to find work after the alleged onset of his disability. Furthermore, the ALJ found that plaintiff had a residual functional capacity to perform the jobs identified and enumerated by the impartial vocational expert. These were jobs that are consistent with plaintiff's medically determinable impairments, functional limitations, age, and education.

The ALJ's determination of plaintiff's testimony was based on first hand observation and was made in light of and consistent with all of the evidence presented.  Therefore, we find it reasonable for the ALJ to conclude that plaintiff's testimony was not entirely credible.

        c.      <u>The ALJ did not Err in Discounting the Weight it Afforded Dr. Nezezon's Assessment of Plaintiff's Ability to Work</u>

Plaintiff's final objection involves the ALJ's discounting of Dr. Nezezon's responses to a series of questions about plaintiff's ability to perform work and daily tasks.  (<u>See</u> Rec. Doc. No. 4, at 143-44.)  The ALJ noted in his decision that

he "gives Dr. Nezezon's opinion regarding claimant's global assessment functioning considerable weight over his responses to the questions because it is consistent with other evidence of record which confirms that claimant has only had moderate difficulty with social and occupational functioning." (Rec. Doc. No. 4, at 15.)  The ALJ also noted that the report from Dr. Nezezon indicated "that he has only seen claimant on five occasions since he first saw him on November 18, 2002." (Rec. Doc. No. 4, at 15.)

The plaintiff asserts that the ALJ failed to develop adequately the factual record.  As part of this argument, plaintiff asserts that if the ALJ believed that Dr. Nezezon's answers to the series of questions were inconsistent with his GAF assessment of plaintiff then the ALJ had a duty to ask Dr. Nezezon to testify about his report. (Rec. Doc. No. 10, at 9.)  The Commissioner's regulations provide that the ALJ will recontact medical sources when the evidence is "inadequate for us to determine whether you are disabled." 20 C.F.R. § 404.1512(e).  That regulation further states that the ALJ "may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings." 20 C.F.R. § 404.1512(e)(2).

Here, the ALJ did not entirely discount the medical findings of Dr. Nezezon. Instead, the ALJ, after carefully considering the entire medical record and evaluating

plaintiff's testimony, determined that plaintiff had the capacity to return to jobs which exist in significant numbers in the national economy, and therefore discounted Dr. Nezezon's findings that plaintiff was significantly impaired in his ability to perform daily occupational tasks.  The ALJ gave greater weight to Dr. Nezezon's assessment of plaintiff's GAF over his responses to a series of questions relating to plaintiff's ability to perform work and daily tasks because the GAF was consistent with both Dr. Nezezon's clinical findings, Dr. Beldia's GAF, and the consultative opinion of Dr. Patel, all of which indicate plaintiff has only had moderate difficulty with social and occupational functioning.  The record contains substantial evidence to support the ALJ's finding that plaintiff was not disabled.

## CONCLUSION:

Plaintiff's objections to the magistrate judge's report and recommendation are overruled.  We find that for the reasons set forth by the magistrate judge, as well as by this order, the ALJ's decision that plaintiff is not disabled is supported by substantial evidence.  Therefore, the court adopts the magistrate judge's report and recommendation in full.

  s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIO GALEA,                          :

                    Plaintiff      :          No. 4:CV-04-1076


           v.                          :          (McClure, J.)


JO ANNE B. BARNHART,                  :          (Mannion, J.)
Commissioner of Social Security,
                Defendant      :

## **O R D E R**

April 18, 2005

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE,  IT IS ORDERED THAT:**

    1.    The court adopts the magistrate judge's report and recommendation in full. (Rec. Doc. No. 9.)

    2.    Plaintiff's appeal is denied, and the action of the Commissioner of Social Security is affirmed.

    3.    The clerk is directed to close the case file.


                                       _s/ James F. McClure, Jr._____
                                       James F. McClure, Jr.
                                       United States District Judge